[No. 6420.   Decided April 1, 1907.]

GEORGE McCORD et al., *Respondents*, v. SEATTLE ELECTRIC COMPANY, *Appellant.*[1]

EVIDENCE—DECLARATIONS OF THIRD PERSONS—ADMISSIONS—ACQUIESCENCE IN STATEMENTS.   Where two women, the plaintiff and another, had been thrown from a buggy by a street car collision, evidence of a statement as to the blame for the accident, made by plaintiff's companion in her presence immediately upon regaining consciousness, is not admissible as an admission by plaintiff on the ground that it was not contradicted, where it appears that the plaintiff was seriously injured and hysterical at the time.

[1]Reported in 89 Pac. 491.

Appeal from a judgment of the superior court for King county, Morris, J., entered April 18, 1906, upon the verdict of a jury rendered in favor of the plaintiffs, after a trial on the merits, in an action for personal injuries sustained in a collision with a street car.   Affirmed.

*Hughes, McMicken, Dovell & Ramsey,* for appellant, cited: *Giles v. Vandiver,* 91 Ga. 192, 17 S. E. 115; Rice, Evidence, pp. 424, 468; 2 Wigmore, Evidence, p. 1255; *Holston v. Southern R. Co.,* 116 Ga. 656, 43 S. E. 29; *Meracle v. Down,* 64 Wis. 323, 25 N. W. 412; *Olivier v. Louisville etc. R. Co.,* 43 La. Ann. 804, 9 South. 431; *Givens v. Louisville etc. R. Co.,* 24 Ky. Law 1796, 72 S. W. 320; *Over v. Missouri etc. R. Co.* (Tex. Civ. App.), 73 S. W. 535; *Springer v. Byran,* 137 Ind. 15, 36 N. E. 361, 45 Am. St. 159, 23 L. R. A. 244; *Bray v. Latham,* 81 Ga. 640, 8 S. E. 64; *Pierce v. Goldsberry,* 35 Ind. 317; *Mallen v. Boynton,* 132 Mass. 443.

*T. N. Tallentire* and *McBride, Stratton & Dalton,* for respondents, cited: *Saunders v. City etc. R. Co.,* 99 Tenn. 130, 41 S. W. 1031; *Gulf etc. R. Co. v. Montgomery,* 85 Tex. 64, 19 S. W. 1015; *State v. Foley,* 144 Mo. 600, 46 S. W. 733; *Scott v. St. Louis etc. R. Co.,* 112 Iowa 54, 83 N. W. 818; *Hammond etc. R. Co. v. Spyzchalski,* 17 Ind. App. 7, 46 N. E. 47; 16 Cyc. 956; 2 Wharton, Evidence, § 1136; *Moore v. Smith,* 14 S. & R. (Pa.) 388; *Vail v. Strong,* 10 Vt. 457; *Commonwealth v. Kenney,* 12 Met. (Mass.) 235; *Pierce's Adm'r v. Pierce,* 66 Vt. 369, 29 Atl. 364; *Josephi v. Furnish,* 27 Ore. 260, 41 Pac. 424; *Allison v. Barrow,* 3 Cold. (Tenn.) 414, 91 Am. Dec. 291; *Jackson v. Builders' Wood-Working Co.,* 36 N. Y. Supp. 227; *Ware v. Ware,* 8 Me. 42; *Cabiness v. Holland* (Tex. Civ. App.), 30 S. W. 63.

MOUNT, J.—The respondents recovered a judgment against appellant, on account of personal injuries sustained by Mrs. McCord.   The appeal is from that judgment.   The facts show that Mrs. McCord and a companion, Mrs. DeWitt, were driving in a buggy along Seventh avenue in the city of

Seattle. Appellant maintains a double line of street railway upon that street. The ladies were driving a single horse, parallel with the street railway line. While doing so they collided with another vehicle, and their horse became frightened and reared and pranced back and forth across the car tracks, but moving forward all the time and at no time clear of the track. While the horse was conducting himself in this way, a street car approached at an unlawful rate of speed. The position of the buggy and the fact that the horse was not under control were apparent to the motorman, but the speed of the car was not checked, and the ladies being unable to control the horse so that the buggy would clear the track, the car struck the buggy and threw the ladies to the ground. As a result Mrs. McCord was seriously injured, but was not rendered unconscious. She was hysterical until she was taken away. Mrs. DeWitt was rendered unconscious at first, but after being placed to one side of the street, she regained her consciousness. The defense was that the horse and buggy were not upon the railway tracks, but were standing still at the corner of the street; that just before the car came near, moving less than six miles per hour, the horse suddenly backed the buggy in front of the car, too late for the motorman to stop.

During the trial the appellant called a witness who, after testifying that he was on the car at the time of the collision, that he immediately left the car and went with other bystanders near to where the ladies were, that he saw both of the ladies, and that Mrs. McCord was talking, was asked this question: "What, if anything, was said about who was to blame?" Answer: "Well, I stood there for a moment, and the lady that lay on the grass, when she came to she rose up and got up on her feet and was fixing her hair, as ladies would, you know, and her hat, and the first words I heard her speak at all was"— Mr. Stratton, interrupting: "Just a moment. This, as I understand, refers to statements made by Mrs. DeWitt." Mr. Dovell: "In the presence of Mrs. McCord." Mr. Strat-

ton: "We object to the statement as being incompetent, irrelevant, and immaterial. Mrs. DeWitt could not make a statement, if she made it, which would bind the plaintiff in this case." After some discussion, counsel for appellant then said: "I offer to show by this witness . . . that Mrs. DeWitt made a statement at that time in the presence of Mrs. McCord saying who was to blame for this accident, and Mrs. McCord stood there and tacitly assented to it." The court excluded the evidence. The correctness of this ruling is the only question presented.

The general rule upon this question is correctly stated, we think, in 16 Cyc., page 956, as follows:

"A statement made in the presence of a party, but not connected with his conduct at the time when it was made, is mere hearsay, and not evidence against him of any fact narrated in such statement. But where a definite statement of a matter of fact is made in the presence or hearing of a party so that he understands it, in regard to facts affecting him or his rights, and the statement is of such a nature as to call for a reply; and the party addressed is possessed of knowledge concerning the matter referred to, enabling him to reply if inclined to do so; and the nature of the statement, the right to information of the person who makes it, or other circumstances are such as to render a reply proper and natural, the statement, in connection with a total or partial failure to reply, is admissible evidence tending to show a concession of the truth of the facts stated."

And in Greenleaf on Evidence, vol. 1 (16th ed.), § 197, as follows:

"But acquiescence, to have the effect of an admission, must exhibit some act of the mind, and amount to voluntary demeanor or conduct of the party. And whether it is acquiescence in the conduct or in the language of others, it must plainly appear that such conduct was fully known, or the language fully understood by the party, before any inference can be drawn from his passiveness or silence."

It has been held that declarations similar to the one here sought to be proven were conclusions and not statements of

fact, and therefore not admissible. *Scott v. St. Louis etc. R. Co.*, 112 Iowa 54, 83 N. W. 818; *Hammond etc. R. Co. v. Spyzchalski*, 17 Ind. App. 7, 46 N. E. 47; *Saunders v. City etc. R. Co.*, 99 Tenn. 130, 41 S. W. 1031; *Railway v. Montgomery*, 85 Tex. 64, 19 S. W. 1015. But if the statement here sought may be held to be the statement of a fact, we think the witness testified to enough to take the evidence without the rule when he said, referring to Mrs. DeWitt: "When she came to she rose up and got up on her feet and was fixing her hair, as ladies would, you know, and her hat, and the first words I heard her speak at all was." The witness here means that Mrs. DeWitt had been unconscious and made a declaration soon after or immediately upon regaining consciousness. It is conceded, apparently, that Mrs. McCord and others had been working with Mrs. DeWitt to bring her back to consciousness. Under such circumstances a contradiction by Mrs. McCord would hardly be natural, and therefore would not be required, even if Mrs. McCord heard and understood what Mrs. DeWitt had said. But in addition to this, Mrs. McCord herself was seriously injured and hysterical. She had been assisting to bring Mrs. DeWitt to her senses. It would be surprising under these conditions if Mrs. McCord fully understood Mrs. DeWitt's statements, if any were made. She would not be required to give heed to statements she did not fully comprehend. *Schilling v. Union R. Co.*, 77 App. Div. 74, 78 N. Y. Supp. 1015. We are of the opinion, therefore, that the trial court properly excluded the evidence.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, CROW, and DUNBAR, JJ., concur.

ROOT, J., having been of counsel, took no part.