[No. 8137–3–I.   Division One.   December 15, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH EDWARD DOWNEY, *Appellant.*

---

*William Jaquette,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Lee D. Yates, Deputy,* for respondent.

SWANSON, J.—Joseph Edward Downey appeals from the judgment and sentence entered on a jury verdict finding him guilty of third degree rape. The principal issue on appeal relates to the trial court's permitting a friend of the victim to testify regarding the details of a telephone conversation she had with the victim shortly after the incident.

The material facts, which the jury was entitled to believe, are that Downey forced the 16–year–old victim to have sexual intercourse with him in the basement of the Hilltop Nursing Home where both were employed. After the incident, the victim, confused, went upstairs to call a friend, Margaret Patton, for help. The victim borrowed 15 cents from someone, intending to use the pay phone on the nursing floor. She decided, however, that the pay phone did not afford enough privacy, so she took a phone from the kitchen into an adjacent office to place the call. First she

looked up the telephone number of the school attended by Margaret. She then placed the call and spoke with a secretary who agreed to call Margaret from class.

Margaret's testimony at trial regarding her conversation with the victim was as follows:

By Mr. Yates:
Q What did Elizabeth tell you?
A She said she had been raped.
Q Can you describe the manner in which she said that?
A —(No response.)

. . .
Q . . . Could you understand her?
A No.
Q What did you do when you were having that problem?
A I asked her to repeat what she had said.
Q What did she say?
A She started to tell me what had happened.
Q What did she tell you about what happened?
A She said that the guy had come down into the basement where she was working and asked her to get some mops because they are too high for her to get and they were in the storage room. She went in there, seen them under the table, reached down to get them, and the lights went off—the lights went off and the door shut.
Q Did she say what happened after that?
A Yes, she said he started to undo her pants, then raped her.

This testimony was objected to as being hearsay. The trial court, however, ruled that under the new evidence rules, specifically ER 803(a)(2), the statement was admissible as an excited utterance.

■■ The comment to ER 803 states that the rule is consistent with prior case law as set forth in *Beck v. Dye,* 200 Wash. 1, 92 P.2d 1113, 127 A.L.R. 1022 (1939). In that case our Supreme Court noted these requirements for admission of a statement as part of the res gestae:[1]

---

[1]"Res gestae" and "excited utterance" are often used interchangeably. The proper term, however, is "excited utterance." *State v. Schimmelpfennig,* 92 Wn.2d 95, 594 P.2d 442 (1979).

(1) The statement or declaration made must relate to the main event and must explain, elucidate, or in some way characterize that event; (2) it must be a natural declaration or statement growing out of the event, and not a mere narrative of a past, completed affair; (3) it must be a statement of fact, and not the mere expression of an opinion; (4) it must be a spontaneous or instinctive utterance of thought, dominated or evoked by the transaction or occurrence itself, and not the product of premeditation, reflection, or design; (5) while the declaration or statement need not be coincident or contemporaneous with the occurrence of the event, it must be made at such time and under such circumstances as will exclude the presumption that it is the result of deliberation, and (6) it must appear that the declaration or statement was made by one who either participated in the transaction or witnessed the act or fact concerning which the declaration or statement was made.

*Beck v. Dye, supra* at 9–10.

Downey relies on *McCandless v. Inland Northwest Film Serv., Inc.,* 64 Wn.2d 523, 392 P.2d 613 (1964), to support his argument that the statement at issue was separated from the incident by such time and other events as would indicate it to be the product of premeditation, reflection, or design. However, it was for the trial court to determine whether the statement was made under the circumstances described in *Beck v. Dye, supra. Brewer v. Copeland,* 86 Wn.2d 58, 542 P.2d 445 (1975). That determination is within the sound discretion of the court, *Brewer v. Copeland, supra; Makoviney v. Svinth,* 21 Wn. App. 16, 584 P.2d 948 (1978), particularly when the statement is made some time after the inducing event. *See State v. Smith,* 85 Wn.2d 840, 540 P.2d 424 (1975); *Johnston v. Ohls,* 76 Wn.2d 398, 457 P.2d 194 (1969); *May v. Wright,* 62 Wn.2d 69, 381 P.2d 601 (1963); *Walters v. Spokane Int'l Ry.,* 58 Wash. 293, 108 P. 593 (1910).

We cannot say that the trial court abused its discretion.

The cases cited above illustrate that the statement need not be contemporaneous to the event; thus, the passage of time alone is not enough to make the statement inadmissible. The court in *Johnston v. Ohls, supra* at 406, said,

> The crucial question in all cases is whether the statement was made while the declarant was still under the influence of the event to the extent that his statement could not be the result of fabrication, intervening actions, or the exercise of choice or judgment.

(Citations omitted.) Here there was evidence that the victim was upset and still under the influence of the rape at the time she placed the call to her friend, Margaret.

Downey also argues that the statement was not a natural declaration growing out of the event but was a narrative of a past event. The record discloses, however, that she was responding, in part, to questioning by Margaret. Complete spontaneity is not necessary, and responses to questions may be admitted. *Johnston v. Ohls, supra.* In short, the trial court did not abuse its discretion in admitting testimony regarding the victim's statement.

■ Downey next contends that the trial court erred in failing to grant a continuance of sufficient duration for the defense to locate a reluctant witness. This argument is wholly without merit. The record reveals that one continuance from 2:30 p.m. until the following morning was granted. Another continuance until 1:30 in the afternoon was offered but declined by the defense. The trial court refused to grant additional time because it felt the defense had not made a showing that the witness' testimony would be material and not merely cumulative.

The granting or denial of a continuance rests within the sound discretion of the trial court and is reviewable on appeal only for a manifest abuse of discretion. *State v. Yuen,* 23 Wn. App. 377, 597 P.2d 401 (1979). The record makes clear there was no abuse of discretion.

Affirmed.

WILLIAMS and ANDERSEN, JJ., concur.