[Nos. 4216–II; 4239–II.   Division Two.   May 26, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. GREGORY EDWARD NIELSEN, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. DALE G. HATCHER, *Appellant.*

*John W. Wolfe,* for appellant Nielsen.

*Scott Candoo,* for appellant Hatcher.

*Don Herron, Prosecuting Attorney,* and *Joseph D.*

*Mladinov, Senior Deputy,* for respondent.

PETRICH, J.—Gregory E. Nielsen and Dale G. Hatcher appeal their convictions for unlawful delivery of a controlled substance. We find that the representation of Nielsen and Hatcher by one attorney deprived both of effective assistance of counsel, reverse the convictions and remand for a new trial.

On the morning of July 17, 1978, an undercover agent for the Washington State Patrol Drug Enforcement Division made arrangements with Joseph G. Walsh for the purchase of 300 pounds of marijuana and a large quantity of amphetamine tablets. Delivery was to take place at 5 p.m. at the Tacoma Industrial Airport. When the agents arrived at the airport at 5 p.m., Walsh was waiting for them. The agents showed Walsh approximately $25,000 in cash and asked to see the drugs. Walsh told the agents that he did not have the drugs with him; that he had come to make sure that they, the buyers, were ready and that he would contact his people, get the drugs and return later that evening.

Walsh returned several hours later. Accompanying Walsh, was defendant Nielsen. While Nielsen waited, Walsh transferred 30 pounds of marijuana from his car to the agents' waiting plane. Nielsen did not assist with the transfer. When asked about the remainder of the marijuana, Walsh told the agents that it was in another car just down the road. At this point the agents, fearing that the second car contained weapons, asked Nielsen about the second car. Nielsen told them not to worry but warned them that if there were any of the agents' "people" in the area that he would "blow" them away. After the purchase was completed, the agents placed Walsh and Nielsen under arrest. Hatcher, the driver of the second car, escaped in his car, but later turned himself in to the police.

Walsh, Hatcher and Nielsen were charged with unlawful delivery of a controlled substance. Walsh pleaded guilty and, at the joint trial of Hatcher and Nielsen, testified that

he met Hatcher and Nielsen at the Narrows Bridge on the evening of the sale and took the drugs from Hatcher's car. Walsh stated that he knew Hatcher but that Nielsen was only a friend of Hatcher's, apparently only along for the ride. Asked whether he thought Nielsen was involved in the transaction, Walsh said "No I don't. He was just there with Dale. Probably just his friend." On cross-examination, Walsh testified that neither Hatcher nor Nielsen assisted with the delivery.

At the conclusion of Walsh's testimony, the attorney representing both Nielsen and Hatcher moved to withdraw on the basis a possible conflict of interest had developed between the two codefendants. The trial court denied the motion and the trial proceeded. Counsel told the court that Walsh had refused to talk with him before trial and that until Walsh testified, he was unaware that Walsh's testimony would exculpate Nielsen. At the conclusion of the State's evidence the defense rested without putting on evidence. The jury found both defendants guilty of aiding and abetting Walsh.

Both Hatcher and Nielsen assign error to the trial court's denial of defense counsel's motion to withdraw. Hatcher and Nielsen contend that Walsh's testimony created an actual conflict of interest and that the trial court's ruling, requiring defense counsel to continue representing both their interests, denied both of them effective assistance of counsel.

A criminal defendant is denied effective assistance of counsel in violation of the Sixth Amendment when his attorney is required to represent a codefendant whose interests are in conflict with his own. *Glasser v. United States,* 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457 (1942); *State v. Alexis,* 21 Wn. App. 161, 584 P.2d 963 (1978), *on appeal from remand on different issue,* 95 Wn.2d 15, 621 P.2d 1269 (1980). If an actual conflict of interest affecting the adequacy of representation exists, the defendant need not prove prejudice. *Cuyler v. Sullivan,* 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980); *Holloway v. Arkansas,*

435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173 (1978). Prejudice will be presumed and the convictions of the codefendants will be automatically reversed. *Holloway v. Arkansas, supra.*

An actual conflict of interest exists when an attorney must represent adverse interests. As the court stated in *Zuck v. Alabama,* 588 F.2d 436, 439 (5th Cir.), *cert. denied,* 444 U.S. 833, 62 L. Ed. 2d 42, 100 S. Ct. 63 (1979):

> If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.

When an actual conflict of interest exists, defense counsel's ability to call or examine witnesses is limited by the adverse interests of his clients.

In this case, Walsh's testimony created an actual conflict of interest between Hatcher and Nielsen. Walsh's testimony indicated that Nielsen was only a bystander and not a participant in the transaction. Had defense counsel been representing only Nielsen, he could have called Hatcher as a witness on Nielsen's behalf. Counsel could not, however, because of the dual representation, call Hatcher without jeopardizing his defense of Hatcher. Counsel's cross-examination of Walsh may also have been limited by his fear that such examination would elicit unfavorable information about Hatcher. Likewise, if defense called Nielsen as a witness, his testimony might have implicated Hatcher. Thus, the conflict of interest between Hatcher and Nielsen directly affected defense counsel's ability to represent both defendants. As defense counsel made his motion to withdraw as soon as he learned about such conflict, the motion was timely made and should have been granted. *Cuyler v. Sullivan, supra; Holloway v. Arkansas, supra.*

Nielsen and Hatcher also assign error to the instructions given by the trial court defining an accomplice and to a comment made by the prosecutor relating to Nielsen's fail-

ure to testify.

Because of our reversal and remand for ineffective assistance of counsel, it is unnecessary to rule on these additional assignments of error. Furthermore, a ruling on the instruction is probably precluded by the apparent failure to preserve the claimed error. At trial defendants did not challenge the instruction given defining an accomplice for the reason now set forth in their brief on appeal. At trial defendants did except to the failure to give certain offered instructions defining an accomplice, but failed to set forth in their briefs these claimed errors in separate assignments as required by RAP 10.3(g). We deem it advisable, however, to comment on the claim that the instructions did not conform to the rule announced in *In re Wilson,* 91 Wn.2d 487, 588 P.2d 1161 (1979). On retrial of this matter the trial court should be aware of the rule announced in *Wilson* in formulating its instructions.

The remarks of the prosecutor will not be repeated on retrial and do not, therefore, require comment at this time.

The judgment of the trial court is, therefore, reversed and the case remanded for action consistent with this opinion.

PETRIE, A.C.J., and PEARSON, J., concur.