[No. 7642-6-I.   Division One.   December 28, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. ARNELL GEORGE BYRD, ET AL, *Appellants.*

*Warner, Pierce, Peden & Elliott, Donald Elliott, Edwards & Barbieri,* and *Charles Wiggins,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Rebecca J. Roe, Deputy,* for respondent.

WILLIAMS, J.—Arnell Byrd and David Miller were

charged with first degree rape by kidnapping and forcible compulsion, tried together with the same counsel before a jury and convicted. They separately appeal with Miller also filing a personal restraint petition.

The essential facts not in controversy are that about 2 in the morning, after considerable drinking, Byrd and Miller picked up the prosecuting witness who was hitchhiking on a well traveled highway. A police officer later stopped the car because of a minor traffic violation, but noted nothing unusual. The three, with the prosecuting witness sitting on the center console, drove to Miller's apartment, went in and engaged in sexual activity. Afterwards the witness was put out in the cold without clothes. Shortly, her garments were supplied, she left and a few minutes later was picked up on the highway in a hysterical condition.

The facts in controversy as testified to by the prosecuting witness are that she was forced into the apartment and coerced through fear to engage in sexual activity. Byrd and Miller claim she consented.

Byrd's assignments of error concern the sufficiency of the evidence, the admissibility of statements under the excited utterance exception to the hearsay rule, alleged prosecutorial misconduct in cross–examination and final argument and the court's instructions defining the elements of the charge.

Byrd first argues that the State did not present sufficient evidence to prove first degree rape. If the jury believed the prosecuting witness, there is sufficient evidence under the test stated in *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980), upon which the jury as a rational trier of fact could have found the elements of first degree rape beyond a reasonable doubt.

Byrd next contends that the trial court erred in admitting the testimony of three witnesses who stated that the prosecuting witness told them she had been raped. All three described her as crying and hysterical when they picked her up on the highway. The testimony was admitted under the res gestae or excited utterance exception to the

hearsay rule set forth in *Beck v. Dye,* 200 Wash. 1, 92 P.2d 1113, 127 A.L.R. 1022 (1939), as codified in ER 803(a)(2). The statements made by the prosecuting witness to the three witnesses shortly after the incident and while she was hysterical meet the criteria stated in *Beck v. Dye, supra.* The trial court did not abuse its discretion. *State v. Downey,* 27 Wn. App. 857, 620 P.2d 539 (1980).

Byrd next contends that he was denied a fair trial because of certain actions of the prosecutor during cross–examination and final argument. The State's cross–examination and argument were within permissible bounds. Byrd has not demonstrated misconduct or prejudice.

■ Byrd challenges instruction No. 10 concerning the definition of forcible compulsion, contending that it was confusing with regard to the amount of force required to establish rape. This contention cannot be raised for the first time on appeal; it is not a manifest error affecting a constitutional right. RAP 2.5(a)(3); *State v. Johnson,* 29 Wn. App. 807, 631 P.2d 413 (1981); *State v. Pawling,* 23 Wn. App. 226, 597 P.2d 1367 (1979).

Byrd finally argues that the trial court erred in not instructing the jury that when the State relies upon kidnapping to establish the charge of first degree rape, the act of restraint necessary for kidnapping must be separate and distinct from the act of restraint for forcible compulsion. This contention cannot now be raised for the first time on appeal; it is not a manifest error affecting a constitutional right. RAP 2.5(a)(3). *State v. Johnson, supra.* Further, the instructions when considered as a whole properly defined the elements of first degree rape, and there is sufficient evidence to establish both forcible compulsion as well as the restraint necessary for kidnapping. *See State v. Pawling, supra.*

Miller's assignments of error concern the court's instructions as to the charge of first degree rape, and ineffective assistance of counsel. Exceptions to the court's instructions not made at trial and not affecting a constitutional right, cannot be raised for the first time on appeal. RAP 2.5(a)(3).

■ Miller contends he was denied effective assistance of counsel because his trial attorney representing both defendants did not raise the defense of intoxication or attempt to shift the responsibility for the rape to Byrd. A defendant is denied effective assistance of counsel "when his attorney is required to represent a codefendant whose interests are in conflict with his own." *State v. Nielsen,* 29 Wn. App. 451, 453, 629 P.2d 1333 (1981). Joint representation is not a per se constitutional violation. *State v. Peyton,* 29 Wn. App. 701, 630 P.2d 1362 (1981). To establish a claim of ineffective assistance of counsel based upon joint representation, a defendant must demonstrate an actual conflict of interest which

> exists when an attorney must represent adverse interests. As the court stated in *Zuck v. Alabama,* 588 F.2d 436, 439 (5th Cir.), *cert. denied,* 444 U.S. 833, 62 L. Ed. 2d 42, 100 S. Ct. 63 (1979):
>
>> If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.

*State v. Nielsen, supra* at 454.

Miller has not demonstrated that trial counsel owed him a duty to take action which would have been detrimental to Byrd. The testimony of both defendants at trial was consistent, and there is no support for Miller's claim that Byrd was the primary actor. Miller has not shown an actual conflict of interest.

■ Miller contends that trial counsel owed him the duty of arguing that he was intoxicated and unable to form the necessary intent to act as Byrd's accomplice. Although there is evidence of considerable drinking, there is none that Miller was out of control of himself at any time. His detailed recital of the events at trial presents a factual defense of consent but not of intoxication. The two defenses could well be mutually exclusive from a trial

strategy viewpoint in which event trial counsel would be faulted if he had chosen the defense of intoxication rather than that of consent. The failure to claim intoxication as a defense does not support a claim of ineffective assistance of counsel.

Miller's personal restraint petition avers ineffective assistance of counsel on another ground, that a key witness on the question of consent was not called. That is another matter.

■ In an affidavit in support of the personal restraint petition Ed Travers, Miller's neighbor, states that he was awakened on the morning of the episode and heard three people approach and enter the apartment "in a jovial mood." This testimony directly contradicts that of the prosecuting witness whose credibility was of the utmost importance. In the circumstances of the case, there is a fine edge between a routine pickup with sex in prospect and commission of a very serious crime. Miller says in his petition that he gave Travers' name to his lawyer, but Travers was not contacted. The decision to call a witness is generally a matter of legitimate trial tactics and will not support a claim of ineffective assistance of counsel. *State v. Wilson,* 29 Wn. App. 895 (1981). But, the presumption of counsel's competence

> can be overcome by showing, among other things, that counsel failed to conduct appropriate investigations, either factual or legal, to determine what matters of defense were available, or failed to allow himself enough time for reflection and preparation for trial.

*State v. Jury,* 19 Wn. App. 256, 263, 576 P.2d 1302 (1978). In that case the court held that

> the failure of counsel to adequately acquaint himself with the facts of the case by interviewing witnesses, failure to subpoena them, and failure to inform the court of the substance of their testimony, both at the time of argument on the motion for continuance and for a new trial, were omissions which no reasonably competent counsel would have committed.

*State v. Jury, supra* at 264.

The failure of trial counsel to interview and call Travers as a defense witness, if that is the case, cannot be justified. Miller's personal restraint petition must be remanded for a hearing to determine the validity of Miller's claim that he gave Travers' name to trial counsel and the truth of Travers' affidavit.

■ A personal restraint petition is the appropriate procedure to raise a claim of ineffective assistance of counsel based upon matters outside the record on appeal. *State v. Bugai,* 30 Wn. App. 156, 632 P.2d 917 (1981). Because both Byrd and Miller presented the defense of consent at trial, the claim of failure to interview and call Travers also raises the issue of whether Byrd was denied effective assistance of counsel. In the interest of justice, we deem it appropriate that Byrd be permitted upon motion in the trial court to join in Miller's personal restraint petition. If the trial court determines after a factual hearing that Travers' affidavit is credible and trial counsel was aware or *should have been aware of Travers,* then a new trial shall be ordered.

The judgments of conviction are affirmed, but Miller's personal restraint petition is granted and the cause remanded for determination on the merits.

RINGOLD, A.C.J., and DURHAM, J., concur.