FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 JUL -8 AM 10: 30

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68643-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LEONARD CLARENCE WOODY, | ) | |
| | ) | |
| Appellant. | ) | FILED:    JUL - 8 2013 |
| | ) | |

PER CURIAM—Leonard Woody was convicted of burglary and sentenced to a standard range sentence based on an offender score of six points. He appeals the inclusion of five 1993 Ohio drug trafficking convictions in his offender score, arguing that they are not comparable to any Washington state felonies. In a pro se statement of additional grounds for review, he also contends he received ineffective assistance of counsel. We affirm in part and remand in part.

Classification of out-of-state convictions is a mandatory step in the sentencing process. State v. Ford, 137 Wn.2d 472, 483, 973 P.2d 452 (1999). Out-of-state convictions are included in an offender score if the foreign crime is comparable to a Washington felony offense. RCW 9.94A.525(3). If the elements of a foreign offense are not identical to a Washington offense, the sentencing court must examine factual comparability, i.e., "whether the conduct underlying

the foreign offense would have violated the comparable Washington statute." State v. Thiefault, 160 Wn.2d 409, 415, 158 P.3d 580 (2007) (citing State v. Morley, 134 Wn.2d 588, 606, 952 P.2d 167 (1998)).

In this case, Woody contends, and the State concedes, that the Washington and Ohio drug trafficking statutes are not legally comparable. We agree. The Ohio statute under which Woody was convicted required only that a person "sell or offer to sell" a controlled substance. R.C. 2925.03(A)(1) (1992). Under this statute, "the state is not required to prove that a controlled substance was, in fact, sold, or even that a controlled substance existed; rather, the state is merely required to prove that an offer was made to sell a controlled substance." State v. Bazzy, 86 Ohio App.3d 546, 548, 621 N.E.2d 604 (1993). In contrast, Washington law establishes that "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." RCW 69.50.401(1). This statute requires the actual existence of the controlled substance. State v. Evans, 80 Wn. App. 806, 814, 911 P.2d 1344 (1996). The State properly concedes that the Ohio and Washington statutes are not legally comparable.

Turning to the question of factual comparability, Woody contends, and the State concedes, that the record is insufficient and that the matter must be remanded for the State to prove the classification of the disputed criminal history. We agree. See State v. Mendoza, 165 Wn.2d 913, 929-30, 205 P.3d 113 (2009). On remand, "the parties shall have the opportunity to present and the court to

consider all relevant evidence regarding criminal history, including criminal history not previously presented." RCW 9.94A.530(2).

In his pro se statement of additional grounds, Woody claims he received ineffective assistance of counsel. "A defendant claiming ineffective assistance of counsel must show that counsel's performance was objectively deficient and resulted in prejudice." State v. Emery, 174 Wn.2d 741, 754-55, 278 P.3d 653 (2012) (citing State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). We strongly presume that counsel was effective. Emery, 174 Wn.2d. at 755.

Woody claims that he would not have been prosecuted for burglary if his counsel had complied with his request to file a notice to dismiss the charge under 18 U.S.C. § 3162(a)(1). But 18 U.S.C. § 3162(a)(1) is a federal statute that is not applicable to Woody's prosecution. Moreover, Woody fails to identify any factual basis for counsel to bring a motion to dismiss.

Woody next contends his counsel failed to interview and subpoena witnesses who would have provided exculpatory evidence. Generally, the decision to call witnesses is a matter of trial tactics that will not support a claim of ineffective assistance of counsel. State v. Byrd, 30 Wn. App. 794, 799, 638 P.2d 601 (1981). In any event, this claim involves matters outside the record and therefore must be raised in a personal restraint petition. McFarland, 127 Wn.2d at 335.

Woody's remaining claims either repeat his counsel's argument, discussed above, or fail to demonstrate any basis for relief.

Affirmed in part and remanded in part.

For the Court:

_Dwyer, J._

_Grosse, J._

_Leach, C. J._