IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,                )
                                    )    No. 70023-5-I
          Respondent,               )
                                    )    DIVISION ONE
     v.                             )
                                    )
ROBERT DAMIAN PENA,                 )    UNPUBLISHED OPINION
                                    )
          Appellant.                )    FILED: June 9, 2014
_____)

BECKER, J — During trial, a juror requested a listening device and

appeared to have difficulty hearing questions from the trial court when the jury

returned its guilty verdict. The defendant contends the trial court erred by

refusing to give him access to juror contact information and more time to

investigate. Because the defendant's suspicion that the juror's hearing

impairment prevented her from being a competent juror was based solely on

speculation, the trial court did not abuse its discretion.

In 2012, Robert Pena attended a social function where he had contact

with a child aged eight. The child's description of Pena's conduct led to the State

charging him with child molestation in the first degree. His first trial resulted in a

hung jury. At the second trial, the jury convicted him as charged.

At the second trial, during voir dire, a member of the venire panel asked

the bailiff for a listening device and was given one. This person was ultimately

seated as juror two. After deliberations, the jury returned a guilty verdict. The trial court then polled the jury to ensure the verdict was unanimous. Upon the court's questioning of juror two, the following colloquy occurred:

> THE COURT: Juror 2, this was your individual verdict?
> JUROR NO. 2: I can't --
> THE COURT: Is this how you voted?
> JUROR NO. 2: (Nodded affirmatively.) I can't hear you.
> THE COURT: You can't hear me?
> JUROR NO. 2: What is she saying?
> THE COURT: Juror 2, can you hear me at all without the -- can you hear me now?
> JUROR NO. 2: Okay.
> THE COURT: Can you hear me now?
> JUROR NO. 2: Yeah.
> THE COURT: Okay. Was this your individual verdict, is this how you voted?
> JUROR NO. 2: Yes.
> THE COURT: Was it the verdict of the entire jury panel?
> (Off the record.)
> THE COURT: Was it how the entire jury panel voted?
> JUROR NO. 2: I can't hear.
> THE COURT: Did the entire jury panel vote to convict?
> JUROR NO. 2: Yes.
> THE COURT: Okay.

Based on this exchange, Pena moved for a new trial and requested that sentencing be delayed so he would have the opportunity to investigate the extent of the juror's hearing impairment during trial. The court continued the matter for more than two months. During this time, Pena's investigator contacted only one juror, who did not respond to requests to discuss the case. Pena requested an additional continuance. He also asked the trial court to disclose juror contact information or recall the jury for questioning. The court denied both requests. The court reasoned that the record showed only that the juror had trouble hearing at one specific moment and had asked for help when she needed it:

The only thing that we knew or know now, is that the juror was having difficulty with the listening device when I was polling her. She did, obviously, have the ability to ask for help when she needed it, because that's why she had a listening device in the first place.

Pena appeals. He assigns error to the trial court's denial of his motion to delay sentencing and the refusal to disclose juror contact information. He contends he should have been allowed to conduct further investigation because if the juror was unable to hear the trial, his right to a unanimous jury was violated.

We review the denial of a motion for continuance for an abuse of discretion. State v. Iniguez, 167 Wn.2d 273, 280, 217 P.3d 768 (2009). The trial court's decision will not be disturbed on appeal absent a showing that the court abused its discretion and the defendant was prejudiced by that decision. State v. Barnes, 58 Wn. App. 465, 471, 794 P.2d 52 (1990), aff'd in part, rev'd in part, 117 Wn.2d 701, 818 P.2d 1088 (1991). Discretion is abused if it is exercised on untenable grounds or for untenable reasons. State v. Melton, 63 Wn. App. 63, 66, 817 P.2d 413 (1991), review denied, 118 Wn.2d 1016 (1992).

Pena cites State v. Turner, 186 Wis.2d 277, 521 N.W.2d 148 (1994). There, the Wisconsin Supreme Court examined a case where at least two jurors, and potentially as many as six, could not hear material testimony at trial. Turner, 186 Wis.2d at 281. In that case, the record disclosed 23 points where either the court or attorneys noted that the jury was having trouble hearing. Turner, 186 Wis.2d at 280. The trial court had also received information from its bailiff that two of the jurors used hearing aids and were functionally deaf. Turner, 186 Wis.2d at 281. Once the trial court questioned the jurors, it became clear that

3

one of the jurors, and perhaps two, had not heard much if any of the testimony. Turner, Wis.2d at 282. The court concluded that the defendant's state and federal constitutional right to an impartial jury and due process were violated. Turner, Wis.2d at 285.

Pena also relies on State v. Hayes, 270 Kan. 535, 17 P.3d 317 (2001). In Hayes, a juror who was hard of hearing requested the transcript of the defendant's testimony. Hayes, 270 Kan. at 537. The trial court questioned the juror, and he indicated that he was unable to hear any of the testimony. Hayes, 270 Kan. at 540. Despite this, the court refused to read back any of the transcribed testimony to the juror. Hayes, 270 Kan. at 540. The Kansas Supreme Court concluded that the trial court had an obligation to read back the transcript of the testimony or to respond in some meaningful way to the juror's request. Hayes, 270 Kan. at 540. Under these circumstances, the trial court abused its discretion when it refused to declare a mistrial. Hayes, 270 Kan. at 540.

Here, there are only two instances in the record where the juror's hearing was mentioned: during voir dire and during the polling of the jury. The juror was proactive enough to request a listening device at the beginning of the trial. She demonstrated a willingness to contact the bailiff when she had trouble hearing, and she similarly spoke up when she could not hear the trial judge polling the jury. Turner and Hayes both involved significantly more concrete evidence that jurors could not hear crucial testimony and so they do not persuade us that an error occurred in this case.

Pena contends that the trial court should have assisted with his investigation by disclosing jury contact information. However, individual juror information is presumptively private under GR 31(j):

> Individual juror information, other than name, is presumed to be private. After the conclusion of a jury trial, the attorney for a party, or party pro se, or member of the public, may petition the trial court for access to individual juror information under the control of court. Upon a showing of good cause, the court may permit the petitioner to have access to relevant information. The court may require that juror information not be disclosed to other persons.

Under this rule, even upon a showing of good cause, whether or not to disclose a juror's personal information is discretionary with the trial court. Because the trial court had already granted Pena a continuance to investigate the matter, and no additional information had been found, it was speculation as to whether or not the juror had actually had any trouble at all. As a result, we cannot conclude that the trial court abused its discretion by refusing to disclose juror information and grant a continuance.

Another issue Pena raises on appeal is the language in the burden of proof instruction. The trial court used the "abiding belief" language in 11 Washington Practice: Washington Pattern Jury Instructions: Criminal 4.01 (3d ed. Supp. 2011) (WPIC). But Pena adopted this instruction at trial when he said through counsel that, "The set that the State proposed, I would adopt with the exception of the one that has to do with witnesses with special training and experience." Pena therefore waived any objection to the "abiding belief" language. Regardless, WPIC 4.01 is a proper instruction. State v. Lane, 56 Wn.

App. 286, 299, 301, 786 P.2d 277 (1989); State v. Bennett, 161 Wn.2d 303, 306, 165 P.3d 1241 (2007).

Pena filed a pro se statement of additional grounds alleging, among other things, violations of his rights to a public trial. His claim is based in part on the fact that some jurors were questioned about sensitive matters outside the presence of the other jurors. However, contrary to Pena's assertions, the record does not indicate that the courtroom was ever closed. While the other jurors were not present in the courtroom at the time, there is no indication in the record that the court ordered that the public be excluded from the courtroom. A violation of the right to a public trial may occur where the questioning is done in chambers or outside the courtroom or when the courtroom was closed. See, e.g., State v. Strode, 167 Wn.2d 222, 217 P.3d 310 (2009); State v. Bone-Club, 128 Wn.2d 254, 906 P.2d 325 (1995). Because the courtroom was never actually closed, we do not find a violation of his right to a public trial.

Pena expresses concern about the fact that juror 35 was excused after failing to return from a court break. The parties and the court agreed to excuse the juror, and they did so in open court. We are unaware of authority that would require review in this situation. The same is true with respect to the fact that two potential jurors were dismissed in open court with no objection after the court realized it had neglected to swear them in.

Pena suggests that there is no record showing that the person originally seated as juror two was excused. But there is a clear record showing how each party exercised their challenges and which jurors constituted the final panel. In

6

short, we see no basis in these circumstances for a claim that the right to a public trial was compromised.

Finally, Pena makes a claim for ineffective assistance of counsel on the grounds that his lawyer failed to present alibi witnesses. The decision of whether or not to call a witness is generally a matter of trial tactics and will not support a claim of ineffectiveness of counsel. State v. Byrd, 30 Wn. App. 794, 638 P.2d 601 (1981). The record here furnishes no reason to depart from that rule.

Affirmed.

Becker, J.

WE CONCUR:

Dwyer, J.

Cox, J.