[No. 7909-3-I. Division One. November 24, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. PATRICK MITCHELL ORSBORN, *Appellant.*

*Christopher E. Fletcher,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *Charles Tull, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The defendant, Patrick Mitchell Orsborn, appeals his conviction of negligent homicide.

As the defendant was driving south on Portal Way in Whatcom County, his automobile crossed into the northbound lane, struck two vehicles and fatally injured one person. He was charged with violating RCW 46.61.520, the negligent homicide by means of a motor vehicle statute.[1] The information charged as follows:

> I, CHARLES J. TULL, Deputy Prosecuting Attorney in and for the County of Whatcom, State of Washington, come now here in the name and by the authority of the State of Washington, and by this information do accuse PATRICK MITCHELL ORSBORN with the crime of NEGLIGENT HOMICIDE BY MEANS OF A MOTOR VEHICLE committed as follows: then and there being in Whatcom County, Washington, That the said defendant, PATRICK MITCHELL ORSBORN, then and there being in said county and state, on or about the 10th day of May, 1979, then and there operating a motor vehicle, to–wit: a 1975 Toyota Celica GT bearing Washington License No. IHM 405, in a southbound direction on Portal Way, a public highway located in said county and state, and being in the discharge of his duties as such driver and operator, then and there did operate said vehicle in a reckless manner, or by operation of said vehicle with disregard for the safety of others, or while under the influence of or affected by intoxicating liquor and or drugs, and, as a proximate result of the *aforesaid accident,* the said defendant did drive his automobile into the northbound lane on Portal

---

[1] "When the death of any person shall ensue within three years as a proximate result of injury received by the driving of any vehicle by any person while under the influence of or affected by intoxicating liquor or drugs, or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle." RCW 46.61.520(1).

Way, said county and state, and strike two other vehicles and thereby mortally injure Wayne Nickle, from which injuries said Wayne Nickle did die on or about the 10th day of May, 1979, in violation of RCW 46.61.520; contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Washington.

(Italics ours.)

The appeal presents three issues.

### ISSUES

ISSUE ONE. Was the information sufficient to apprise the defendant of the charges against him?

ISSUE TWO. Was the jury required to be unanimous on the statutory means by which the negligent homicide was committed?

ISSUE THREE. Did the trial court err in refusing to instruct the jury on the lesser offenses of reckless driving or driving under the influence of intoxicating liquor?

### DECISION

ISSUE ONE.

CONCLUSION. The language of the information was sufficient to fairly inform the defendant that he was charged with the crime of negligent homicide.

█ The defendant argues that the information was insufficient because it did not state that he committed some specific crime and did not allege an essential element of the crime, namely proximate cause. The charging language in the information set out above apparently contained a typographical mistake in that the words "aforesaid accident" were used instead of "aforesaid acts." Nevertheless, an information is sufficient if it follows the language of the statute, *State v. Bowman*, 57 Wn.2d 266, 269, 356 P.2d 999 (1960), and if the language is adequate to apprise the accused with reasonable certainty of the nature of the accusation, *State v. Forler*, 38 Wn.2d 39, 43, 227 P.2d 727 (1951). The information need not allege each element of the crime.

Here the information charged the crime of Negligent Homicide by Means of a Motor Vehicle. Following the language of the statute, it charged the acts which constituted the negligent homicide and cited the statute the defendant was accused of violating. It stated when and where the homicide occurred and identified the automobile driven by the defendant at the time. It stated that the defendant "did drive his automobile into the northbound lane on Portal Way, . . . and strike two other vehicles and thereby mortally injure Wayne Nickle . . ." The information was sufficient to apprise the defendant with reasonable certainty of the nature of the charge against him and enabled him to prepare his defense. The information was therefore sufficient under the law.

*State v. Engstrom*, 79 Wn.2d 469, 487 P.2d 205 (1971) and *State v. Mearns*, 7 Wn. App. 818, 502 P.2d 1228 (1972), relied upon by the defendant hold only that in order to convict under the statute, proximate cause must be proven; that is, the State is required to prove that the intoxication or other misconduct of the defendant caused him to operate his vehicle in an errant manner and that the affected driving caused the decedent's fatal injury. The trial court's instructions Nos. 2 and 10 adequately informed the jury on the elements of the offense.[2]

---

[2]"To convict the defendant, PATRICK MITCHELL ORSBORN, of the crime of Negligent Homicide by Motor Vehicle, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 10th day of May, 1979, the defendant operated a motor vehicle;

"(2) That at that time, the defendant

"(a) was under the influence of or affected by intoxicating liquor and that condition was a proximate cause of injury to another person, or

"(b) operated the motor vehicle in a reckless manner and thereby proximately caused injury to another person, or

"(c) operated the motor vehicle with disregard for the safety of others and thereby proximately caused injury to another person;

"(3) That the injured person died as a proximate result of the injuries; and

"(4) That the injury occurred in Whatcom County, Washington.

"If you find from the evidence that elements (1), (3), (4) and either (2)(a), (2)(b) or (2)(c) have been proved beyond a reasonable doubt, then it will be your

Issue Two.

Conclusion. The negligent homicide statute describes a single crime which can be committed by several means, thus jury unanimity on each means was not required.

The defendant argues that the court erred by instructing the jury that it was not required to be unanimous in deciding which of the three alternative means was used to commit the offense. See footnote 2. Although conceding that *State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976) held that jury unanimity is not required where there is a single offense committable in more than one way, the appellant argues that the *Arndt* rule does not apply in this case because the negligent homicide statute proscribes multiple offenses and not a single crime committable in several ways.

■■ To determine whether or not a statute proscribes a single offense that can be committed in more than one way, or multiple offenses, we must look to the legislative intent. *State v. Arndt, supra* at 378. The negligent homicide statute was enacted because of the difficulties prosecutors encountered in prosecuting drivers who cause fatal accidents under the manslaughter statute and the enactment clearly set up a single new crime, the crime of negligent homicide. *See State v. Partridge,* 47 Wn.2d 640, 642, 289 P.2d 702 (1955). Further we believe that the title of the act, the readily perceivable connection between the various

---

duty to return a verdict of guilty. Elements (2)(a), (2)(b) and (2)(c) are alternatives and only one need be proved. You need not unanimously agree as to which of the alternatives are proved.

"On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty." Instruction No. 2.

"'Homicide' is defined as the killing of a human being by another human being.

"To constitute Negligent Homicide, there must be a causal connection between the death of a human being and the criminal conduct of a defendant so that the act done was a proximate cause of the resulting death.

"The term 'proximate cause' means a cause which, in a direct sequence, unbroken by any new independent cause, produces the death, and without which the death would not have happened.

"There may be more than one proximate cause of a death." Instruction No. 10.

acts set forth in the statute, the fact that the acts are consistent with and not repugnant to each other and the fact that all three acts may well exist in the same occurrence, all indicate that a single crime is involved. *State v. Arndt, supra* at 378–84. *See also State v. Kosanke,* 23 Wn.2d 211, 213, 160 P.2d 541 (1945). Thus it appears that the negligent homicide statute, RCW 46.61.520(1) proscribes a single offense, a death caused by driver misconduct in operating a motor vehicle by one or more of the alternative means specified by the statute.

Since the statute describes a single offense, jury unanimity was not required if the alternative means are not repugnant to each other and substantial evidence of each method exists. *State v. Arndt, supra* at 377; *State v. Richardson,* 24 Wn. App. 302, 305–06, 600 P.2d 696 (1979); *State v. Gallo,* 20 Wn. App. 717, 730, 582 P.2d 558 (1978). Proof of one means of committing negligent homicide does not disprove any of the other means, therefore, the alternatives are not repugnant to each other. The defendant has not provided a verbatim transcript of the trial proceedings and the sufficiency of the evidence is not challenged. We, therefore, affirm the trial court's ruling that substantial evidence of each means existed. Jury unanimity was not required and error was not committed in this regard. *State v. Arndt, supra. See State v. Fateley,* 18 Wn. App. 99, 102, 566 P.2d 959 (1977).

Subsequent to oral argument in this case, *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980) (*Green* II) was decided. In that case, the State Supreme Court distinguished *Arndt* and held that under the former aggravated murder in the first degree statute (RCW 9A.32.045(7)),[3] jury unanimity is required as to the commission of one or both of the underlying offenses (namely rape (RCW 9A.44.040) and kidnapping (RCW 9A.40.020)). The *Green* II court found

---

[3]RCW 9A.32.045(7), referred to herein, has been revised by Laws of 1977, 1st Ex. Sess., ch. 206, § 4, p. 776 and is now RCW 9A.32.045(1)(g).

insufficient evidence of one of the alternative offenses, kidnapping, and ordered a new trial. *Green* II is distinguishable from the present case. Here, unlike *Green* II, each of the alternative means of committing negligent homicide does not constitute a separate offense. Indeed, all three could inhere in the same incident. Moreover, the sufficiency of the evidence of each alternative means instructed upon is not challenged.

ISSUE THREE.

CONCLUSION. The trial court did not err by rejecting the defendant's proposed instructions on lesser offenses.

The defendant contends that the offenses of reckless driving and driving under the influence of intoxicating liquor are lesser included offenses of negligent homicide. He further contends that, because the trial court refused to instruct the jury on those included offenses, it committed reversible error.

■ As the defendant correctly points out, a defendant is entitled to an instruction on a lesser included offense if each element of the lesser offense is a necessary element of the offense charged and the evidence in the case supports an inference that the lesser crime was committed. *State v. Workman,* 90 Wn.2d 443, 447, 584 P.2d 382 (1978); *State v. O'Neal,* 23 Wn. App. 899, 903, 600 P.2d 570 (1979). As we held in *State v. Lewis,* 15 Wn. App. 172, 175, 548 P.2d 587 (1976), quoting with approval from *State v. Kruger,* 60 Wash. 542, 544, 111 P. 769 (1910):

> It was never the intent of the law to submit a possible verdict upon a so–called included crime because *included in law. It must be included in fact,* and by the facts of the particular case.

■ Here the trial court concluded that the evidence did not support an inference that the lesser crimes were committed. Since we do not have a verbatim transcript and therefore cannot review the evidence presented at the trial, we will not disturb the trial court's ruling on this issue.

The record presented does reflect that the issues raised

on this appeal were clearly presented and argued by counsel and were carefully considered by the trial court. For the reasons set forth herein, we hold that no reversible error was committed.

Affirmed.

CALLOW, C.J., and SWANSON, J., concur.

Reconsideration denied January 15, 1981.

Review by Supreme Court pending October 30, 1981.