[No. 53204–4.   En Banc.   July 23, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. ALFRED
WILLIAM WHITNEY, *Petitioner*.

*Scott J. Engelhard* of *Washington Appellate Defender
Association*, for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Barbara B.
Linde, Deputy,* for respondent.

GOODLOE, J.—We address whether jury unanimity on one

of the two alternative means charged is necessary in a first degree rape conviction. The Court of Appeals held jury unanimity is not necessary if each charged alternative is supported by substantial evidence. *State v. Whitney,* 44 Wn. App. 17, 720 P.2d 853 (1986). We affirm.

The relevant facts are set forth in the Court of Appeals opinion. Petitioner Alfred Whitney was charged by information with rape in the first degree in violation of RCW 9A.44.040(1)(a) and (b). RCW 9A.44.040(1) provides, in part:

> (1) A person is guilty of rape in the first degree when such person engages in sexual intercourse with another person by forcible compulsion where the perpetrator or an accessory:
> (a) Uses or threatens to use a deadly weapon or what appears to be a deadly weapon; or
> (b) Kidnaps the victim; . . .

At petitioner's trial, the court instructed the jury that in order to convict it must find beyond a reasonable doubt "the defendant used or threatened to use a deadly weapon *or* kidnapped [the victim]". (Italics ours.) Clerk's Papers, at 12. The court also instructed the jury on the need for a unanimous verdict. The jury found petitioner guilty of first degree rape.

The Court of Appeals affirmed holding that sufficient evidence supported the verdict. *Whitney,* at 20–21, 25. It held that the jury need not be unanimous as to the method by which the first degree rape was committed because sufficient evidence supported each alternate way of committing the crime charged. *Whitney,* at 23. The court reasoned that the alternative methods which are a part of first degree rape are not separate and distinct offenses but rather are alternate means by which one may commit the single offense of first degree rape. *Whitney,* at 23.

Petitioner concedes the prosecution produced sufficient evidence as to the use or threatened use of a deadly weapon and kidnapping to justify conviction. Nonetheless, petitioner moved for discretionary review arguing that the

alternate ways of committing first degree rape involve separate crimes, and therefore, the jury must be unanimous as to the underlying crime in order to sustain the conviction.

Petitioner relies on the following language from *State v. Green*, 94 Wn.2d 216, 233, 616 P.2d 628 (1980) (*Green* II):

> Where, as here, the commission of a specific underlying crime is necessary to sustain a conviction for a more serious statutory criminal offense, jury unanimity as to the underlying crime is imperative.

The defendant in *Green* was charged with aggravated murder, the death occurring either in the furtherance of kidnapping or rape. In an earlier decision in the same case, *State v. Green*, 91 Wn.2d 431, 588 P.2d 1370 (1979) (*Green* I), we applied the analysis of *State v. Arndt*, 87 Wn.2d 374, 553 P.2d 1328 (1976), and held that an instruction on jury unanimity was not required. *Green* I, at 441–42. In *Arndt*, we held that if substantial evidence supports each of the alternate means of committing the single crime charged, and the alternate means are not repugnant to one another, jury unanimity as to the mode of commission is not required. *Arndt*, at 376–77.

This court reconsidered *Green* I in *Green* II. The *Green* II court held that the State had failed to establish the element of kidnapping either by substantial evidence or beyond a reasonable doubt. *Green* II, at 230. The court then stated, at page 232:

> Our reliance on *Arndt* was largely dependent upon our conclusion that both the rape and kidnapping elements were supported by substantial evidence, a position we now reject insofar as the kidnapping issue is concerned. Our rejection of kidnapping leaves only rape as the remaining element. It is not possible to know whether the jury deemed that element established in the absence of some indication of jury unanimity on that critical issue. Clearly, *Arndt* is inapposite.

The present case differs from the situation in *Green* II in that both the kidnapping and the use or threatened use of a deadly weapon are supported by substantial, if not overwhelming, evidence.

The *Green* II court continued, however, and in dicta opined that reliance on *Arndt* was precluded for a "more fundamental reason." *Green* II, at 232. The *Green* II majority reasoned that the right to a jury trial provided under Const. art. 1, § 21 mandates jury unanimity in all cases where "the commission of a specific underlying crime is necessary to sustain a conviction for a more serious statutory criminal offense . . ." *Green* II, at 233.

Petitioner argues that in this case the Court of Appeals misinterpreted *Green* II by restricting its application only to cases involving the sufficiency of evidence rather than recognizing its "more fundamental" basis for reversal. However, in *State v. Franco,* 96 Wn.2d 816, 823–24, 639 P.2d 1320 (1982), we stated:

> The appellant cites to *Green* [II] for its proposition that separate jury verdicts are required. *Green* [II] is inapposite here, it dealt with an aggravated murder, the instruction directed the jury to find the defendant guilty if convinced beyond a reasonable doubt that
>> defendant caused the death of Kelly Ann Emminger in the course of or in furtherance of rape in the first degree or kidnapping in the first degree.
>
> (Italics omitted.) *Green* [II], at 231. *Green* [II] determined that there was insufficient evidence to find that there was a kidnapping and thus that issue should not have been submitted to the jury. In deciding on the effect of this, the court noted that, due to the absence of a unanimous jury determination that there was a rape or kidnapping or both, it was possible that some members of the jury based their votes on the invalid kidnapping grounds. *Green [II] did not hold that in all cases of aggravated murder there must be separate jury verdicts regarding each method.* That issue was not before the court.

(Some italics ours.)

In *Franco,* the defendant was charged with driving while intoxicated, which could be established by three alternative methods. *Franco* held that jury unanimity as to the method found was not necessary. *Franco,* at 824. Petitioner asserts that the *Franco* court correctly applied the *Arndt* analysis

to the facts in *Franco* because the alternate ways of committing DWI are not crimes. Petitioner maintains, however, that the *Arndt* analysis is not applicable when the underlying elements are crimes. Petitioner concludes that in this case it is impossible to know whether the jury unanimously agreed that either of the underlying crimes had been committed and, therefore, he was denied his constitutional right to a jury trial.

The State argues the right to a unanimous jury was satisfied when the jury unanimously found the petitioner guilty of the crime of rape in the first degree as charged. "When a defendant is charged under a criminal statute that describes a single offense committable in more than one way, rather than separate and distinct offenses, jury unanimity is unnecessary as to the means but . . . [is necessary] as to the commission of the offense." (Citations omitted.) *State v. Ellison*, 36 Wn. App. 564, 574, 676 P.2d 531 (defendant charged with premeditated and felony murder, both of which constitute first degree murder), *review denied*, 101 Wn.2d 1010 (1984); *Franco*, at 823; *Arndt*, at 376–78; *State v. Wixon*, 30 Wn. App. 63, 76, 631 P.2d 1033 (1981).

To determine whether a statute describes several multiple offenses or a single offense which may be committed in different ways, the following factors are considered: "[1] the title of the act; [2] whether there is a readily perceivable connection between the various acts set forth; [3] whether the acts are consistent with and not repugnant to each other; [4] and whether the acts may inhere in the same transaction." *Arndt*, at 379, quoting *State v. Kosanke*, 23 Wn.2d 211, 213, 160 P.2d 541 (1945). Under this test the Court of Appeals held that "the alternative means of committing first degree rape do not constitute separate and distinct offenses; indeed, the two means of committing first degree rape at issue here could inhere in the same incident, as we so find." (Citation omitted.) *Whitney*, at 25. We recognize that kidnapping and the use or the threatened use of a deadly weapon, as in an assault,

may constitute crimes themselves. *See Green* II, at 233; *State v. Johnson,* 92 Wn.2d 671, 675, 600 P.2d 1249 (1979), *cert. dismissed,* 446 U.S. 948 (1980). However, when such conduct is involved in the perpetration of a rape and does not have an independent purpose or effect, it should only be punished as an incident of the rape and not additionally as separate crimes. *See Johnson,* at 676.

We reject the implication in *Green* II that because the underlying elements are crimes they necessarily have import as distinct offenses. The result of such characterization is that defendants charged with the same offense could be treated differently depending on whether or not the particular alternative methods they are charged with are labeled crimes. We note that the reasoning of *Johnson,* although primarily involving the issue of merger, aptly supports the conclusion that first degree rape describes a single offense. *See Johnson,* at 676.

Washington law requires a unanimous jury conclusion that the defendant committed the crime charged in the information. *State v. Mak,* 105 Wn.2d 692, 735, 718 P.2d 407, *cert. denied,* ___ U.S. ___, 93 L. Ed. 2d 599, 107 S. Ct. 599 (1986). *Franco* states that *Green* II does not require in all cases in which alternate means are charged "there must be separate jury verdicts regarding each method." *Franco,* at 824. Petitioner concedes that substantial evidence supports both the kidnapping and the use or threatened use of a deadly weapon. Because constitutionally sufficient evidence supports both charged alternatives, the lack of jury unanimity does not entail the danger present in *Green* II that any of the jury members may have based their finding of guilt on an invalid ground. *See Green* II, at 232; *Ellison,* at 575. We agree that an instruction on jury unanimity as to the alternative method found is preferable because it eliminates potential problems which may arise when one of the alternatives is not supported by substantial evidence; however, we conclude that such an instruction was not required in this case.

We note that the Montana Supreme Court has likewise

rejected the dicta in *Green* II and refused to apply *Green* II in cases where each alternative method is supported by sufficient evidence. *See State v. Warnick,* 202 Mont. 120, 656 P.2d 190 (1982), and cases cited therein. Further, *United States v. Payseno,* 782 F.2d 832, 835 (9th Cir. 1986) provides: "Normally, a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications form the basis of the guilty verdict." *See also United States v. Schiff,* 801 F.2d 108, 115 (2d Cir. 1986); *United States v. Frazin,* 780 F.2d 1461, 1468 (9th Cir. 1986); *United States v. Ferris,* 719 F.2d 1405, 1407 (9th Cir. 1983); *United States v. Murray,* 618 F.2d 892, 898 (2d Cir. 1980).

Given that both of the charged alternative means are supported by substantial evidence such that any jury could find guilt beyond a reasonable doubt and in light of the general instruction on jury unanimity, it is idle to speculate that there is any possibility that the verdict or the underlying predicate finding was less than unanimous. We affirm.

DOLLIVER, DORE, ANDERSEN, CALLOW, and DURHAM, JJ., concur.

CUNNINGHAM, J. Pro Tem., concurs in the result.

UTTER, J. (dissenting)—The majority opinion accents and furthers the confusion that has marked the treatment of the constitutional requirement that a jury unanimously agree upon the elements that compose at least one of the alternative means of committing a criminal offense. The majority's analysis relies upon distinctions which cannot be made between "offenses," "acts," and "crimes," which create an unworkable and confusing rule for determining whether the requirement of unanimity is present in any given case. The majority's reasoning, based on *State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976), depends primarily upon language from the code reviser's office which is not a direct expression of the original intent of the drafters of the criminal statutes. At the same time, this reasoning

does not address the concerns that are presented by the fundamental requirement of a unanimous verdict.

The infirmity of the *Arndt* analysis is compounded in the instant case by the majority's reliance on inapposite case law. The majority acknowledges that kidnapping and the use or threatened use of a deadly weapon may constitute crimes themselves (majority, at 510–11), and then cites *State v. Johnson,* 92 Wn.2d 671, 675, 600 P.2d 1249 (1979), *cert. dismissed,* 446 U.S. 948 (1980) for a discussion of the merger doctrine. The question of whether or not underlying elements may be charged as crimes themselves is irrelevant to the issues presented by the instant case.

At issue here is the requirement of *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970) that the prosecution prove beyond a reasonable doubt that a criminal defendant committed every act necessary to constitute the crime charged. Jury instructions must reflect that requirement, as well as the requirement imposed by article 1, section 22 of the Washington State Constitution that defendants be convicted by a unanimous jury verdict. *State v. Stephens,* 93 Wn.2d 186, 607 P.2d 304 (1980). The *Arndt* test fails to accommodate the constitutional requirements of *Winship.*

I would apply the analysis used in my dissenting opinion in *State v. Franco,* 96 Wn.2d 816, 639 P.2d 1320 (1982). As I stated there, "[t]o say a statute sets forth a single crime capable of commission by alternative means is not to say that the set of elements composing one theory of a means of commission is the same as a set of elements composing another means." *State v. Franco, supra* at 833 (Utter, J., dissenting). The court must first determine what elements are necessary for the commission of the offense, *i.e.,* "what factors (both mental and physical) must a jury unanimously find established for a constitutional verdict of guilt." *Franco,* at 833 (Utter, J., dissenting). Once the court has made this determination, it must determine whether the set of elements for each alternative means are the same. If they are, then a finding of guilt by one alternative means is syn-

onymous with a finding of guilt by the other.

Where the prosecutorial evidence required for proof of the alternative means is the same, a unanimous verdict that the defendant is guilty of the crime as charged is constitutionally sound. If, on the other hand, the means involve distinguishable elements, then the jury must unanimously agree on at least one set of elements that comprise a means of committing the offense, or the defendant has been deprived of his or her right to be convicted by a unanimous jury, and the court has no assurance that the prosecution has fulfilled its *Winship* requirement of proving each of the elements of the crime charged beyond a reasonable doubt.

Washington's first degree rape statute, RCW 9A.44.040, provides, in pertinent part:

(1) A person is guilty of rape in the first degree when such person engages in sexual intercourse with another person by forcible compulsion where the perpetrator or an accessory:
(a) Uses or threatens to use a deadly weapon or what appears to be a deadly weapon; or
(b) Kidnaps the victim; . . .

Applying the foregoing analysis, the first two means of commission of first degree rape have two elements in common: (1) sexual intercourse (2) by forcible compulsion with another person. Under RCW 9A.44.040(1)(a), the third element requires that the perpetrator or an accessory uses or threatens to use a deadly weapon or what appears to be a deadly weapon. Under RCW 9A.44.040(1)(b), the third element requires that the perpetrator or an accessory kidnaps the victim. In each instance, the third element of rape in the first degree differs in the means of commission, and the proof required to show the commission of first degree rape under section (1)(a) differs from the proof required under section (1)(b). Since the essential elements of section (1)(a) are different from those of section (1)(b), the trial court should have required the jury to unanimously agree on at least one of the two alternative theories of committing the offense of rape in the first degree.

The case should be remanded to the trial court unless the constitutional error of failure to instruct the jury that it must reach unanimity on at least one set of elements necessary to the commission of the crime can properly be said to be harmless. An error of constitutional magnitude in a criminal prosecution is harmless only if the reviewing court is convinced beyond a reasonable doubt that any reasonable jury would have reached the same result in the absence of the error. The State bears the burden of proving that the error was harmless. *State v. Guloy,* 104 Wn.2d 412, 425, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986). At Whitney's trial, the jury was instructed that in order to convict it must find beyond a reasonable doubt "the defendant used or threatened to use a deadly weapon or kidnapped [the victim]". Clerk's Papers, at 12. Given these instructions, it is impossible to determine whether all or only part of the jury agreed on the means of commission of the rape. The error was not harmless, and I would remand for a new trial with a properly instructed jury.

PEARSON, C.J., concurs with UTTER, J.