[Nos. 13677-9-III;  Division Three.  October 17, 1995.]
14643-0-III.

The State of Washington, *Respondent*, v. Gregory
James Maurice, *Appellant*.

*In the Matter of the Application for Relief From
Personal Restraint of* Gregory J. Maurice,
*Petitioner.*

*Jeffrey C. Barker*, for appellant/petitioner.

*Judith L. McCauley, Prosecuting Attorney*, and *Frank W. Jenny II, Deputy*, for respondent.

SCHULTHEIS, J. — Gregory Maurice lost control of his pickup and hit an oncoming car, whose driver died at the scene of the accident. A jury convicted Mr. Maurice of vehicular homicide. He appeals, contending he was deprived of jury unanimity. Pro se and in his consolidated personal restraint petition, Mr. Maurice also contends he received ineffective assistance of counsel from his attorney who failed to adequately investigate and present his claim that his vehicle malfunctioned mechanically. We affirm the conviction entered on the jury's guilty verdict, grant

the personal restraint petition and remand the cause for an evidentiary hearing and a determination on the merits.

## FACTS

On the evening of April 23, 1993, Gregory Maurice and his brother Kevin Maurice were traveling to Tonasket in Gregory's pickup. Gregory was driving and it was raining. They had purchased and consumed beer in Leavenworth, and they had bottles of beer in the pickup's passenger compartment as well as in the rear camper compartment. As Gregory looked away from the road and leaned down to adjust the radio or reach for a snack, he drove off the pavement and onto the shoulder. Kevin looked up and warned Gregory to watch out.[1] Gregory applied the brakes and steered back toward the road. He lost control and the pickup veered into the path of an oncoming Volkswagen, which hit the pickup broadside and stopped instantaneously. The pickup rolled over the smaller car and landed upside down. The driver of the Volkswagen, Shelley Alene Smith, twenty-eight, died within moments from the impact.

Washington State Patrol (WSP) Trooper Calvin Melton was the first law enforcement officer at the scene. He saw there were people attending to both the woman in the Volkswagen and Kevin, who was lying on the ground near the pickup. The trooper asked Gregory if he had been involved in the accident. Gregory stated he was the driver of the pickup and the man lying near it was his brother. The trooper smelled alcohol on Gregory's breath and asked if he had been drinking. Gregory said he had, and Trooper Melton placed him in the back of his patrol car.

Shortly thereafter, WSP Trooper Eldon Chowning transferred Gregory to another patrol car, placed him under arrest for vehicular homicide and transported him

---

[1]Kevin exercised his Fifth Amendment right to not incriminate himself when he was asked whether he was drinking in the vehicle and whether he took any defensive actions when he noticed they were on the shoulder, like grabbing the steering wheel.

to the hospital. Trooper Chowning advised Gregory of his rights and helped him place a telephone call to an attorney. Trooper Chowning later transported Gregory to the Chelan County Regional Jail, where he was booked.

At the hospital, Gregory was given a physical examination and a blood test, which placed his blood alcohol concentration at .09 percent. Given Gregory's height and weight, and the normal burn off rate for alcohol, a forensic toxicologist who testified at trial estimated the reading at the time of the accident would have been between .09 and .12 percent. Several emergency personnel and others who were at the accident scene testified Gregory appeared to be drunk, but others who had contact with him testified he did not appear to be drunk.

Gregory testified he tapped the brakes and turned the wheel slightly back toward the road, but then the vehicle "just took off like it was on ice," "the darn thing just took off." The on call public defender with whom Gregory spoke that night by telephone testified Gregory told him he thought a sudden mechanical malfunction caused him to lose control of the vehicle. A sergeant on duty at the Chelan County Regional Jail testified she was explaining to Gregory what would happen at his preliminary appearance the following day, when he volunteered his opinion that a broken drive shaft or drive line could have caused the accident. The State's accident investigator David Temple testified his examination of the 1973 Ford four-wheel drive pickup revealed no mechanical problems existed before the collision. Defense counsel did not call any expert witnesses on the question of the vehicle's mechanical condition.

Gregory was charged with vehicular homicide under all three alternatives: operating a vehicle while under the influence of alcohol, or in a reckless manner, or with disregard for the safety of others. RCW 46.61.520.[2] Former RCW 9.94A.320 made vehicular homicide committed while

---

[2]RCW 46.61.520 provides in pertinent part:

under the influence or in a reckless manner a level VIII offense, and vehicular homicide committed with disregard for the safety of others a level VII offense. To address the different offense levels applicable to the crime depending on the way it is committed, the court gave a special "to convict" instruction and two verdict forms. In another instruction, the court directed the jury to first fill in Verdict Form A with the words "not guilty" or "guilty," according to the decision it reached. The court advised the jury that all twelve must agree on the verdict. Then, if its verdict was "guilty," the jury was instructed to answer the question in Verdict Form B. The jury found Gregory Maurice "guilty" and answered the question in Verdict Form B:

> If you find the defendant, GREGORY JAMES MAURICE, guilty of Vehicular Homicide you must answer the following question:
>
> Is the jury unanimous that the defendant was either operating the motor vehicle while under the influence of intoxicants or in a reckless manner?
>
> ANSWER:  Yes _____
>               No   X
>
> DO NOT answer if your verdict on Verdict Form A was Not Guilty.

After the trial Mr. Maurice retrieved his pickup from the impound lot and had it examined. He moved for a new trial based on evidence that the vehicle had mechanical problems that could have caused or contributed to the accident. The court denied Mr. Maurice's motion for failure to diligently discover the evidence, entered judgment against him for vehicular homicide committed with disre-

---

"(1) When the death of any person ensues within three years as a proximate result of injury proximately caused by the driving of any vehicle by any person, the driver is guilty of vehicular homicide if the driver was operating a motor vehicle:

"(a) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502; or

"(b) In a reckless manner; or

"(c) With disregard for the safety of others."

gard for the safety of others and sentenced him to twenty-seven months, the top of the standard range for the level VII offense.

On appeal, Mr. Maurice contends through counsel that he was denied his right to a unanimous jury verdict. Pro se, he also contends he was denied effective assistance of counsel and the court should have granted the motion for a new trial. On the latter issue, Mr. Maurice moved to take additional evidence under RAP 9.11, submitting the declaration of traffic accident reconstructionist Ed Wells. Our commissioner acknowledged the declaration, if true, would support Mr. Maurice's claim of ineffective assistance of counsel, but denied the motion. Relying on *State v. King*, 24 Wn. App. 495, 505, 601 P.2d 982 (1979), the commissioner suggested the appropriate remedy would be for Mr. Maurice to bring a personal restraint petition under RAP 16.3. Mr. Maurice did so, and the appeal and personal restraint petition have been consolidated.

## APPEAL

Pointing to the different offense levels within the vehicular homicide statute, Mr. Maurice contends the statute charges different crimes, so that the jury must be unanimous as to which elemental act was committed. *See State v. Green*, 94 Wn.2d 216, 231-33, 616 P.2d 628 (1980); *State v. Arndt*, 87 Wn.2d 374, 553 P.2d 1328 (1976). He is mistaken.

■ The vehicular homicide statute provides three alternate means of committing the same crime and does not define separate crimes. *State v. Orsborn*, 28 Wn. App. 111, 116-17, 626 P.2d 980 (1980), *review denied*, 97 Wn.2d 1012 (1982). Therefore, the jury must be unanimous on the issue of guilt, but it need not be unanimous on the way the crime was committed as long as the State presents substantial evidence supporting each charged

alternative.[3] *State v. Miller,* 60 Wn. App. 767, 772, 807 P.2d 893 (1991).

The court interjected the unanimity requirement for sentencing purposes only. Because the first two alternatives carry a stiffer penalty than the third, the court must determine the conviction rests squarely on one of the first two alternatives before it can impose the longer sentence. A lighter sentence is required whenever the jury unanimously finds the offense was committed by the third alternative or is split between either of the first two alternatives and the third, as may have happened here. *See State v. May,* 68 Wn. App. 491, 496-98, 843 P.2d 1102 (1993).

Pro se, Mr. Maurice cites *State v. Salas,* 74 Wn. App. 400, 873 P.2d 578 (1994), *rev'd,* 127 Wn.2d 173, 897 P.2d 1246 (1995), and *State v. MacMaster,* 113 Wn.2d 226, 778 P.2d 1037 (1989) in support of his argument that the lack of a unanimity requirement in the court's instructions violated his right to due process and equal protection. Neither case supports his contention. At issue in those cases was the adequacy of jury instructions regarding the causal connection between the defendant's alcohol consumption and the victim's death. Mr. Maurice did not challenge the court's instructions on that basis, and that causal connection is no longer an element of vehicular homicide. *State v. Rivas,* 126 Wn.2d 443, 452, 896 P.2d 57 (1995).

### PERSONAL RESTRAINT PETITION

Mr. Maurice's personal restraint petition raises the issue of ineffective assistance of counsel, based on his attorney's failure to investigate his claim that a mechanical failure caused him to lose control of the vehicle and to call a mechanic or accident reconstructionist as an expert witness on his behalf. Mr. Maurice argues his attorney's omissions resulted first in an inadequate defense at trial and then led to denial of his motion for a new trial, because

---

[3]Mr. Maurice does not challenge the sufficiency of the evidence supporting any of the alternatives charged.

the court accepted the State's argument that the evidence was not new and that the defense had in fact examined the vehicle with the State's expert and chose not to contradict his testimony that there was nothing wrong with the vehicle.

In a declaration in support of the petition, accident reconstructionist Ed Wells noted the mechanic who inspected the vehicle after trial stated in his affidavit he found evidence of faulty repairs to steering components that in his opinion caused the vehicle to dart or shoot across the road and caused the driver to lose control, resulting in the fatal accident. Mr. Wells stated as part of his reconstruction assignment, he recommended to Mr. Maurice's attorney that a forensic mechanical expert be retained to evaluate the precrash condition of the vehicle, but the attorney neither accepted the recommendation nor consulted with him further on that issue. Mr. Wells further states he was instructed to attend a mechanical examination by the State's accident investigator David Temple, but his assignment was to observe the examination and photograph the damage to the vehicles involved in the crash; he was not allowed to participate in the mechanical examination. Mr. Wells states Mr. Temple's examination would not have revealed the evidence noted in the mechanic's affidavit. Finally, he states he was not consulted with reference to the motion for a new trial or asked to address any issues raised by the mechanic's examination.

▇ To demonstrate ineffective assistance of counsel, Mr. Maurice must show (1) defense counsel's representation was deficient, that it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced him, that there is a reasonable probability the result of the proceeding would have been different without counsel's unprofessional errors. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995); *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987) (adopting the

two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

■ Ordinarily, the decision whether to call a witness is a matter of legitimate trial tactics.and will not support a claim of ineffective assistance of counsel. *State v. Byrd*, 30 Wn. App. 794, 799, 638 P.2d 601 (1981). The presumption of counsel's competence can be overcome, however, by showing counsel failed to conduct appropriate investigations to determine what defenses were available, adequately prepare for trial, or subpoena necessary witnesses. *State v. Jury*, 19 Wn. App. 256, 263-64, 576 P.2d 1302, *review denied*, 90 Wn.2d 1006 (1978).

We are persuaded that counsel's performance was deficient. Given Mr. Maurice's insistence that a mechanical malfunction caused him to lose control of his pickup, his attorney's failure to have the vehicle inspected by a mechanic before trial cannot be justified. We cannot determine from the record before us, however, whether counsel's deficient performance prejudiced Mr. Maurice. If true, the mechanic's affidavit supports Mr. Maurice's claim the vehicle malfunctioned, but it raises the question whether Mr. Maurice was driving a vehicle he knew was mechanically unsafe. Mr. Maurice's personal restraint petition must be remanded to determine the truth of the mechanic's affidavit and whether there is a reasonable probability the outcome of the trial would have been different had counsel called a forensic mechanical expert in Mr. Maurice's defense.

The State's motion to strike portions of the pro se brief is denied, as is Mr. Maurice's motion to extend time to respond to the State's motion.

We affirm the conviction, grant the personal restraint petition and remand the cause for an evidentiary hearing and a determination on the merits.

THOMPSON, C.J., and MUNSON, J., concur.