# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>JEFFERY MELVIN COVER,<br><br>                          Petitioner. | No. 52932-7-II<br><br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Jeffrey Cover seeks relief from personal restraint imposed as a result of his 2016 convictions for three counts of third degree rape of a child.[1] The facts are set forth in his direct appeal, No. 48732-2-II.[2] As to each count, the jury answered yes to the questions: "Was the crime part of an ongoing pattern of sexual abuse of the same victim under the age of 18 years manifested by multiple incidents over a prolonged period of time?" and "Did the defendant demonstrate or display an egregious lack of remorse?" Clerk's Papers (No. 48732-3-II) at 163-64. Based on those findings, the trial court imposed an exceptional sentence of consecutive 60-month sentences.

---

[1] We issued the mandate of Cover's direct appeal on March 19, 2018, making his January 28, 2019 petition timely filed under RCW 10.73.090(3)(b).

[2] *State v. Cover*, No. 48732-2-II, (Wash. Ct. App. Sep. 19, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2048732-2-II%20Unpublished%20Opinion.pdf.

First, Cover argues that evidence was insufficient for the jury to have found the aggravating circumstances for the crimes. We review aggravating circumstances findings under the standard for sufficiency of the evidence: whether, taken in the light most favorable to the State, any rational finder of fact could have found the aggravating circumstance beyond a reasonable doubt. *State v. Zigan*, 166 Wn. App. 597, 601-02, 270 P.3d 625 (2012). Regarding the finding of a prolonged pattern of abuse, as the direct appeal recounts, the State presented evidence that the sexual abuse occurred on numerous occasions between the summer of 2006 and February or March 2007. Regarding the finding of egregious lack of remorse, as the trial judge noted, the State presented evidence that after charges were filed against him, Cover engaged in several acts, including (a) participating in relocating the then-15-year-old victim to Mississippi where he could (and did) marry her, (b) allowing the victim to discontinue her education after the eighth grade, (c) taking the victim to Idaho at her 16th birthday, where he married her again, and then (d) directing her to go to California, where he abandoned her. The State presented sufficient evidence to support the aggravating circumstances findings.

Second, Cover argues that the exceptional sentence is clearly excessive. But we rejected this argument in his direct appeal, No. 48732-2-II. Unless he shows that the interests of justice require it, Cover cannot raise these arguments again in this petition. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835, 870 P.2d 964 (1994). He makes no such showing.

Third, Cover argues that his trial counsel provided ineffective assistance of trial counsel. To establish ineffective assistance of counsel, he must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322,

335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We presume strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011).

Cover argues that his trial counsel was ineffective in not calling a defense medical expert to rebut the State's witness who performed an examination of the victim. But the State's witness testified that genital examination resulted in normal findings that neither confirmed nor denied sexual abuse. And Cover had admitted to having had intercourse with the victim. With an admission of intercourse and no testimony about sexual abuse, there was no need for a defense medical expert. Cover does not show deficient performance in not calling such a witness. *State v. Maurice*, 79 Wn. App. 544, 552, 903 P.2d 514 (1995).

Next, Cover argues that his trial counsel was ineffective in not conveying a second plea offer following the discovery of a purported recantation letter from the victim.[3] But the State provides documentation that there was no second plea offer and that trial counsel conveyed the one plea offer the State had made. Cover also argues that his trial counsel was ineffective in conceding that the trial court should impose an exceptional sentence. While trial counsel recognized that the trial court was likely to impose an exceptional sentence, and so did not argue against it, he did argue that the court should impose a shorter exceptional sentence than the State was recommending. This was a strategic decision that does not constitute ineffective assistance of counsel. Cover does not show ineffective assistance of counsel.

---

[3] At trial, the victim was confronted with the letter, which she denied having written.

Fourth, Cover argues that although the statute of limitations applicable to third degree rape of a child was extended from seven years following the commission of the crime (former RCW 9A.04.080(1)(c) (2006)) to the victim's 28th birthday (former RCW 9A.04.080(1)(c) (2009)),[4] the former statute of limitations should be applied to him, under which the charges against him would have been barred. If the former statute of limitations has not expired by the time the statute of limitations is expanded, the expanded statute of limitations applies. *State v. Hodgson*, 108 Wn.2d 662, 666-67, 740 P.2d 848 (1987). When former RCW 9A.04.080 (2009) became effective on July 26, 2009, the seven-year statute of limitations under former RCW 9A.04.080(1)(c) (2006) had not yet expired. Thus, the applicable statute of limitations became the victim's 28th birthday under former RCW 9A.04.080(1)(c) (2009). And when former RCW 9A.04.080(1)(c) (2013) became effective on July 28, 2013, the statute of limitations became the victim's 30th birthday because the statute of limitations under former RCW 9A.04.080 (2009) had not expired. Thus, the applicable statute of limitations became the victim's 30th birthday under RCW 9A.04.080(1)(d).[5] Both the original information and the second amended information were filed within the statute of limitations applicable at the time.

Finally, Cover argues that Detective Bradley Chicks improperly opined as to Cover's truthfulness. *State v. Demery*, 144 Wn.2d 753, 759, 30 P.3d 1278 (2001). Detective Chicks testified that during an interrogation, he asked Cover if he wanted to tell the truth and Cover said

---

[4] In 2013, the legislature further extended the statute of limitations to the victim's 30th birthday. Former RCW 9A.04.080(1)(c) (2013). LAWS OF 2013, ch. 17, § 1.

[5] In 2019, subsection (c) was renumbered to subsection (d). LAWS OF 2019, ch. 87, § 2.

he did. This did not constitute an opinion on Cover's truthfulness; it was context for Cover's statements during the interrogation. *Demery*, 144 Wn.2d at 761.

Cover does not present grounds for relief from restraint. We therefore deny his petition. We also deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, J.

We concur:

MAXA, C.J.

SUTTON, J.